IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JON PAUL CARTER, | : PRISONER CIVIL RIGHTS |
|    Plaintiff, | : 42 U.S.C. § 1983 |
| | : |
| v. | : |
| | : |
| JOHN THIGPEN, Attorney et al., | : CIVIL ACTION NO. |
|    Defendants. | : 1:13-CV-4278-WSD-LTW |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff is confined at the Georgia Diagnostic and Classification Prison in Jackson, Georgia. Plaintiff, pro se, filed with this Court a complaint against the judge, district attorney, and defense attorneys in the criminal cases in Ware County, Georgia that led to Plaintiff's imprisonment. (Doc. 1.) Plaintiff did not pay the filing fee or submit an application to proceed *in forma pauperis* ("IFP").

Plaintiff alleges in his complaint that he was "falsely accused and framed" by the district attorney in the Ware County cases, the judge imposed an illegal sentence, and his defense attorneys were negligent. (*Id.* at 2-3.) Plaintiff also complains of the conditions of his confinement when he was confined in Ware County and apparently the conditions in the prison where he is currently confined. (*Id.* at 5-6.) Plaintiff seeks twenty-five million dollars and an investigation by the Federal Bureau of Investigation. (*Id.* at 7.)

AO 72A
(Rev.8/82)

Plaintiff filed another case in this Court at the same time he filed this one. Complaint, *Carter v. Middle Dist. of Ga.*, No. 1:13-cv-4280-WSD-LTW (N.D. Ga. Dec. 26, 2013). Plaintiff complains in that case of dismissals of his suits filed in the U.S. District Courts for the Middle and Southern Districts of Georgia. *Id.* That case is barred by 28 U.S.C. § 1915(g), the prisoner three-strikes provision, because Plaintiff did not pay the filing fee and at least three cases he filed while incarcerated were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See* Final Report and Recommendation, *Carter*, No. 1:13-cv-4280-WSD-LTW.

This case also is barred by § 1915(g) to the extent Plaintiff seeks damages under the civil rights laws. Plaintiff did not pay the filing fee for this case and, as explained in the undersigned's Final Report and Recommendation in the other case, Plaintiff had three strikes when he filed his cases in this Court.[1] *See id.*; Order, *Carter v. Judges*,

---

[1] Even if § 1915(g) did not bar the case or Plaintiff had paid the filing fee, this Court is not the proper venue for Plaintiff's claims. Plaintiff's claims are based on events that occurred in Ware County and, apparently, in Butts County where he is currently confined. (Doc. 1.) Defendants are lawyers and a judge in Ware County. (*Id.*) Ware County is within the jurisdiction of the U.S. District Court for the Southern District of Georgia, and Butts County is within the jurisdiction of the U.S. District Court for the Middle District of Georgia. Venue thus is not proper in this Court. *See* 28 U.S.C. § 1391; Order, *Carter v. Edenfield*, No. 1:02-cv-2488-JEC (N.D. Ga. Oct. 28, 2002) (dismissing for improper venue Plaintiff's complaint regarding events that allegedly occurred in the Southern District).

AO 72A
(Rev.8/82)

No. 5:13-cv-115-WLS, at *3 (M.D. Ga. Apr. 8, 2013) ("Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b), and this dismissal shall count as a strike under § 1915(g). . . . [H]e now has three strikes . . . ."); Order, *Carter v. Owens*, No. 5:13-cv-44-MTT, at *7 (M.D. Ga. Feb. 28, 2013) ("[T]he Court finds that Plaintiff's Complaint and letter fail to state a claim upon which relief may be granted."); Order, *Carter v. Alaimo*, No. 2:06-cv-293-WTM, at *4 (S.D. Ga. Apr. 4, 2007) ("Plaintiff fails to allege that his constitutional rights have been violated, and his claims are patently frivolous.").

When § 1915(g) bars a prisoner from proceeding IFP, "the proper procedure is . . . to dismiss the complaint without prejudice." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Id.*

To the extent Plaintiff seeks relief under the federal habeas corpus statutes, i.e., release from prison on grounds that his state judgment of conviction violated federal law, § 1915(g) would not bar a habeas action. *See Anderson v. Singletary*, 111 F.3d 801, 805-06 (11th Cir. 1997) (holding that term "civil action" used in the IFP statute does not include habeas cases); *Critten v. Donald*, No. CV607-048, 2007 WL

3102161, at *1 (S.D. Ga. Oct. 22, 2007) ("[H]abeas corpus cases do not count as strikes within the meaning of section 1915(g)."). However, any habeas action challenging Plaintiff's judgment of conviction, which was rendered in Ware County, must be filed in the U.S. District Court for the Southern District of Georgia because Ware County is within that court's jurisdiction. It is the long-standing policy and practice of the federal district courts in Georgia to adjudicate all habeas actions challenging state judgments in the district in which the judgment was rendered. Plaintiff thus must file any habeas action challenging his Ware County judgment in the U.S. District for the Southern District of Georgia.

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** this 2 day of January, 2014.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)