IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JON PAUL CARTER,

       Plaintiff,

v.                                         1:13-cv-4278-WSD

JOHN THIGPEN, Attorney, et al.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation ("R&R"), which recommends that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) [2], and the Plaintiff's Motion to File a Warrant and Indictment on Magistrate Judge Walker [5].

## I. BACKGROUND

On December 26, 2013, Plaintiff filed a Complaint against the district attorney in Ware County, the Judge who presided over his criminal case there, and the attorneys who provided him with a defense in his criminal case. Plaintiff alleges that he was "falsely accused and framed" by the district attorney, the judge presiding over his trial imposed an illegal sentence, and that his attorneys provided

deficient performance in his criminal case.  Plaintiff also complains regarding the conditions of his confinement at the correctional facilities in Butts County, Georgia and Ware County, Georgia.  Plaintiff demands $25 million in damages and seeks injunctive relief requiring the Federal Bureau of Investigation to conduct an investigation into his case.  Plaintiff did not pay the filing fee or submit an application to proceed *in forma pauperis*.

The Magistrate Judge found that Plaintiff's Complaint was barred by 28 U.S.C. § 1915(g) to the extent that Plaintiff seeks damages under the civil rights laws.  The Magistrate Judge also found that, to the extent the Plaintiff sought *habeas corpus* relief, the Complaint should be dismissed for improper venue because Plaintiff's claims are based on events that occurred in the Middle and Southern Districts of Georgia.

On March 7, 2014, Plaintiff filed a Motion to file a Warrant and Indictment on the Magistrate Judge in which he alleges, as he alleged against every other judge to preside in his other cases, that the Magistrate Judge recommended the dismissal of this action to "cover up" for the corrupt behavior of other judges, and to aid and abet his alleged mistreatment at the correctional facilities.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). Plaintiff has not objected to the R&R and thus the R&R is reviewed for plain error.[1]

### B. Analysis

Section 1915(g) of the Prison Litigation Reform Act prohibits a prisoner from proceeding *in forma pauperis* if the prisoner has

> on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

---

[1] The Court does not construe Plaintiff's Motion for Warrant as objections to the R&R but as a request for new, specific relief.

3

claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Plaintiff has filed three other cases while incarcerated that were dismissed as frivolous or, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim.  See Carter v. Judges, No. 5:13-cv-115-WLS (M.D. Ga. 2013); Carter v. Owens, No. 5:13-cv-44-MTT (M.D. Ga. 2013); Carter v. Alaimo, No. 2:06-cv-293-WTM (S.D. Ga. 2006).  Given that Plaintiff has filed more than three suits that were dismissed as frivolous or because they failed to state a claim, Plaintiff is required to pay the full filing fee "at the time he initiates the suit."  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).  Because Plaintiff did not pay the full filing fee at the time he brought this action, his Complaint is required to be dismissed without prejudice.  Id.  The Court also finds no plain error in the Magistrate Judge's conclusion that, to the extent the Plaintiff seeks *habeas corpus* relief, his case is required to be filed in the Middle or Southern Districts of Georgia pursuant to 28 U.S.C. § 1391(b).

The Court also has considered Plaintiff's Motion for Warrant.  These claims seek criminal prosecution of Magistrate Judge Walker for the decision she made in her R&R in this case.  Besides having no factual or other basis, this action too is frivolous and Magistrate Judge Walker is otherwise immune from claims based on the performance of her judicial duties.  Bolin v. Story, 225 F.3d 1234, 1241 (11th

Cir. 2000) (holding that federal judges are entitled to absolute immunity from damages and injunctive relief for acts taken in their judicial capacity unless they act in the "clear absence of jurisdiction.") (citations and internal quotation marks omitted). To the extent the Motion for Warrant asserts claims based on conditions at the institution at which he is incarcerated, these claims are not appropriately filed in this district and for these reasons the Motion for Warrant is required to be denied. See 28 U.S.C. § 1391(b).

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation is **ADOPTED** [2].

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File a Warrant and Indictment on Judge Linda T. Walker is **DENIED** [5].

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 14th day of May 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE